**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEROME LIGHTNER,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**CASE NO. 4:06CV112-RH/AK**

**STATE OF FLORIDA, et al,**

      **Defendants.**

                          **/**

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner proceeding *in forma pauperis* and *pro se*, brings this cause pursuant to 42 U.S.C. §1983 alleging that he pled guilty in 1998 to crimes in state court because he knew the State of Florida would not allow evidence of his diminished capacity at trial. (Doc. 1, p. 7). He claims he was discriminated against in violation of the Constitution and seeks injunctive and declaratory relief, i.e. that the State's evidentiary rule regarding diminished capacity violates the Constitution and to prohibit its use against him in the future.

Defendants filed a Motion for Summary Judgment (doc. 49) with exhibits (doc. 50), and although Plaintiff was advised of his obligations to respond to the motion (doc. 51), he did not.

## I.    Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The

nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of

evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477

U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment

with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or

other evidentiary materials must be accepted as true for purposes of summary

judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

## II.     Defendants' Rule 56(e) evidence (doc.50)

### a)     Inmate Population Detail

Plaintiff was convicted in 1998 for crimes committed in 1993 (murder, burglary,

and sexual battery).

### b)     Federal habeas case No. 6:01cv739-orl-18KRS

Defendants have not provided the actual state court post-conviction documents,

but the United States District Court for the Middle District of Florida referenced those

proceedings in its Order dated September 30, 2002.  The procedural history recited in

that Order indicates that Plaintiff pled guilty and was sentenced to concurrent terms of

life imprisonment on May 11, 1998, and he filed a Rule 3.850 motion for post-conviction

relief on February 19, 1999.  The state trial court conducted an evidentiary hearing on

the motion, and denied it.  The Florida Fifth District Court of Appeals affirmed the trial

court's decision, and Plaintiff filed a federal habeas petition pursuant to 28 U.S.C.

§2254, alleging ineffective assistance of counsel because (a) counsel informed him that

if he went to trial he would receive the death penalty; and (b) counsel did not permit him to review the state's evidence in order to evaluate the strength of the state's case against him.  The state heard evidence from both of Plaintiff's trial attorneys at the evidentiary hearing held on the Rule 3.850 motion and found their testimony more credible.  The Middle District dismissed Plaintiff's habeas petition finding that credibility determinations made by a state court are entitled to a presumption of correctness on federal habeas corpus review.

### III.     Analysis

#### a)     Eleventh Amendment immunity

Defendants' argument that Plaintiff's suit is barred by Eleventh Amendment immunity is not well taken.  While the law is clear that suits against state officials in their official capacity are suits against the state, Will v. Michigan Depart. of State Police, 491 U.S. 58, 71 (1989), which is barred by the Eleventh Amendment, this is a bar against monetary relief only.  Kentucky v. Graham, 473 U. S. 159, 169, 105 S.Ct. 3099, 87 L.Ed2d 114 (1985); Hobbs v. E.E. Roberts, 999 F.2d 1526, 1529-30 (11th Cir. 1993).  Plaintiff seeks only declaratory and injunctive relief.  The state agrees that this bar does not apply where prospective relief is sought, but argues that Plaintiff is not seeking *prospective* relief, he is seeking relief for past illegalities.  The undersigned does not construe the relief sought in this light, but finds that there are other issues with the relief sought by Plaintiff that are dispositive of his claims, as set forth below.

#### b)     Declaratory Judgment

Plaintiff seeks a declaratory judgment that "Florida's application of diminished responsibility evidence was discriminate." (Doc. 1, p.8). However, the United States

Supreme Court has recently upheld a state's right to determine use of an evidentiary rule like the rule in Florida and found that the varied applications of the diminished capacity rule was not in violation of the Constitution.  Clark v. Arizona, 548 U.S. 735 (2006) (reviewing Arizona diminished capacity statute).  For explanation of the use of diminished capacity in Florida state courts, see: Chestnut v. State of Florida, 538 So.2nd 820 (Fla. 1989) (supreme court distinguished evidence of incapacitating circumstances such as intoxication, medication, epilepsy, infancy or senility, which lay persons commonly understood, and psychiatric abnormalities which only experts would be expected to understand); Bunney v. State, 603 So.2d 1270, 1273 n.1 (Fla. 1992) (explaining in more detail the distinction in the holding in Chestnut); Evans v. State, 946 So.2d 1, 11 (Fla. 2006) (Florida courts continue to hold that evidence relating to a general mental impairment as proof of diminished capacity is not admissible).

Plaintiff does not specify the nature of his incapacity, but he complains that he was or would have been discriminated against because other defendants may use intoxication as a defense.  This implies that he would have presented a defense other than intoxication, i.e. mental illness, and the law is clear that this type of evidence cannot be used unless to bolster an insanity defense.  Thus, there is no merit to this claim and no relief which could be afforded him.

c)      Injunctive relief

In order to establish standing, a plaintiff must make a three-prong showing: (1) that he has suffered an "injury in fact;" (2) there must be a causal connection between the injury and the defendant's conduct; and (3) that it is likely and not speculative that the injury can be remedied by a favorable decision in the case at hand.  Lujan v.

<u>Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992).  Because Plaintiff seeks

declaratory and injunctive relief only in this lawsuit, the Court must examine whether he

has alleged and can show a "real and immediate threat" of future injury.  <u>City of Los</u>

<u>Angeles v. Lyons</u>, 461 U.S. 95, 103 (1983); <u>Wooden v. Board of Regents</u>, 247 F.3d

1262 (11th Cir. 2001).

  First, Plaintiff pled guilty and waived his right to trial.  No evidence was presented

to a jury, no decisions were made as to the admissibility of any evidence, and Plaintiff's

claim that *if* had elected to go to trial the judge would not have allowed testimony about

his diminished capacity is too speculative as to constitute "an injury in fact."  Further,

Plaintiff is serving two concurrent life terms.  Not only will he never be tried for these

crimes again, it is highly speculative that he would ever be tried in the future, and

certainly the likelihood that a diminished capacity defense would be an issue again is

remote.  Thus, the undersigned is of the opinion that there is no injury that could be

remedied by a favorable decision in this Court.

  d)  <u>Res Judicata</u>

  Plaintiff's claims are also barred by *res judicata*.

  "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit

bars a second suit involving the same parties or their privies based on the same

cause of action."  <u>Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 94 F.3d

1514, 1518 (11th Cir. 1996), *citing* <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326

n.5, 99 S. Ct. 645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the*
> *judgment bars litigation not only of "every matter which was actually*
> *offered and received to sustain the demand, but also [of] every [claim]*

*which might have been presented.*"  *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990) (emphasis added).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case.  . . .  In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form."  I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions."  In re Justice Oaks II, Ltd., 898 F.2d at 1551.

Plaintiff's claims in the case at bar arise from the same conviction and sentence that he litigated in state and federal court. Plaintiff asserted constitutional errors with his guilty plea, and he could have raised the diminished capacity argument in his earlier petition.  Since this comes within the "claim preclusion" category of *res judicata*, all of Plaintiff's claims are barred.

e)      Limitations Period

Finally, Plaintiff has not asserted his claims  timely.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989; Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf

& Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Since the alleged illegal

act is the inadmissibility of testimony at his criminal trial, which took place in May 1998,

his claims should have been brought in federal court by May, 2002.  Thus, Plaintiff's

claims are barred by the statute of limitations and must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

Motion for Summary Judgment (doc. 49) be **GRANTED**, and this cause **DISMISSED** for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2); as barred by *res judicata*; and as barred by the statute of limitations.

**IN CHAMBERS** at Gainesville, Florida, this __*12*<sup>th</sup>__ day of March, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**