IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEROME LIGHTNER,

    Plaintiff,

v.        CASE NO. 4:06cv112-RH/AK

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 53), to which no objections have been filed. The report and recommendation is correct and is adopted as the opinion of the court, with this additional note.

The plaintiff, who is serving a life sentence in Florida state prison, seeks injunctive and declaratory relief based on the alleged unconstitutionality of Florida law on diminished capacity. This position, if sustained, apparently would call into question the validity of the plaintiff's conviction.

The plaintiff brings this action under 42 U.S.C. § 1983, not in habeas corpus.

This would be proper only if the action were one seeking prospective relief against the state diminished capacity law on grounds that would not necessarily call into question the validity of the plaintiff's conviction. But even if the plaintiff could satisfy this requirement, this action would nonetheless be barred on the grounds set forth in the report and recommendation.

One flaw in the plaintiff's claim is especially clear and bears emphasis. A plaintiff ordinarily does not have standing to seek injunctive or declaratory relief with respect to a policy or practice unlikely to be applied to the plaintiff in the reasonably foreseeable future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111, 103 S. Ct. 1660, 1665, 1670, 75 L. Ed. 2d 675 (1983) (holding that a person who had been subjected to a choke hold in the past had no standing to seek injunctive relief against the city's practice of using choke holds because there was not a "sufficient likelihood that he will again be wronged in a similar way"). Like the plaintiff in *Lyons*, the plaintiff in the case at bar alleges he was subjected to an unconstitutional practice in the past, but the plaintiff has not alleged that he is likely to be subjected to the same practice again in the future. Because the plaintiff is serving a life sentence, any claim that he is likely to be subjected to Florida's diminished capacity law again in the future would be especially farfetched.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The complaint is dismissed with prejudice. The clerk shall enter judgment, shall note on the docket that the case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and shall close the file.

SO ORDERED this 4th day of May, 2008.

s/Robert L. Hinkle
Chief United States District Judge
